# UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA**
           **Plaintiff**

**v.**                                    Case Number 8:00cr280-001

                                          USM Number 16736-047

**CHRISTOPHER L. VYTLAS**
                   **Defendant**

                                          **WILLIAM J.  PFEFFER**

                                          **Defendant's Attorney**

_____

## JUDGMENT IN A CRIMINAL CASE
### (For Revocation of Probation or Supervised Release)

**THE DEFENDANT** admitted guilt to violation of standard condition nos. 1, 8, 12 of the term of supervision.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 - Standard Condition #1 | Defendant was arrested and convicted by Omaha Police Department for DUI | September 5, 2002 |
| 2 - Standard Condition #8 | Defendant was arrested for DUI and found to have a blood alcohol content above the legal limit | September 5, 2002 |
| 3 - Standard Condition #1 | Defendant was arrested for DUI and found to have a blood alcohol content above the legal limit | May 23, 2004 |
| 4 - Standard Condition #8 | Defendant was arrested by La Vista, NE police for DUI, 2nd Offense | May 23, 2004 |
| 5 - Standard Condition #1 | Defendant was charged with DUI, 2nd Offense, Possession of Marijuana Less than an ounce and Possession of Drug Paraphernalia | July 4, 2006 |
| 6 - Standard Condition #8 | Defendant was arrested by the Bellevue, NE police for DUI, 2nd Offense and possessing drug paraphernalia | July 4, 2006 |

| 7 - Standard Condition #8 | Defendant was arrested by Bellevue, NE police for operating a motor vehicle while under the influence of alcohol and having a blood alcohol content above the legal limit. | July 4, 2006 |
| 8 - Standard Condition #12 | Defendant failed to notify his probation officer of his arrest until questioned by the probation officer on August 18, 2006 | August 18, 2006 |
| 9 - Standard Condition #8 | Defendant tested positive for marijuana | September 4, 2006 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Following the imposition of sentence, the Court advised the defendant of his right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within ten (10) days of this date.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:
February 27, 2007

s/ Joseph F. Bataillon
United States District Judge

March 2, 2007

Defendant: CHRISTOPHER VYTLAS                                                                                      Page 3 of 5
Case Number: 8:00CR280

# PROBATION

**The defendant's term of Probation is extended to September 5, 2007.**

While on probation, the defendant shall not commit another Federal, State, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page.) If this judgment imposes a restitution obligation, it shall be a condition of probation that the defendant pay such fine or restitution.  The defendant shall also comply with the following additional conditions:

1.      The defendant shall be subject to the search of the defendant's premises, vehicle or person, day or night, with or without a warrant, at the request of the United States Probation officer to determine the presence of alcohol and/or controlled substances, firearms or any other contraband.  Any such items found may be seized by the United States Probation officer.  This condition may be invoked with or without the cooperation of law enforcement officers.

2.      Paragraph # 7 of the Standard Conditions of supervision is modified, i.e., instead of merely refraining from excessive use of alcohol, the defendant shall not purchase or possess, use, distribute, or administer any alcohol, just the same as any other narcotic or controlled substance.

3.      The defendant shall attend, pay for and successfully complete any diagnostic evaluation, treatment or counseling program, or approved support groups (e.g., AA/NA) for alcohol and/or controlled substance abuse, as directed by the United States Probation officer.

4.      The defendant shall provide the United States Probation officer with access to any requested financial information.

5.      Pursuant to 18 U.S.C. § 3563 (a) (5), the defendant shall submit to a drug test within fifteen (15) days of release on probation and at least two (2) periodic drug tests thereafter to determine whether the defendant is using a controlled substance.  Further, the defendant shall submit to such testing as requested by any probation officer to detect the presence of alcohol or controlled substances in the defendant's body fluids and to determine whether the defendant has used any of those substances. Based on the defendant's ability to pay, the defendant shall pay for the collection of urine samples to be tested for the presence of alcohol or controlled substances in an amount determined by the probation officer.

6.      The defendant shall report to the United States Probation office for the District of Nebraska between the hours of 8:00am and 4:30pm, 111 South 18th Plaza, Suite C79, Omaha Nebraska, (402) 661-7555, within seventy-two (72) hours of being placed on probation and every time thereafter as directed and ordered by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1. the defendant shall not commit another Federal, state or local crime;

2. the defendant shall not leave the judicial district without the permission of the court or probation officer;

3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5. the defendant shall support his or her dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);

6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7. the defendant shall notify the probation officer at least **ten (10) days prior** to any change in residence or employment;

8. the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered or other places specified by the court;

10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11. the defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12. the defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14. as directed by the probation officer, the defendant shall notify third parties of the risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

15. the defendant shall not own, possess or control any firearms or ammunition, destructive devices or dangerous weapons;

16. the defendant shall pay any special assessment, fine, or restitution obligation imposed by this judgment that remains unpaid at the commencement of the term of probation or supervised release in accordance with the payment schedule of criminal monetary penalties set forth in this judgment; and

17. the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

These conditions are in addition to any other conditions imposed by this Judgment.

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|:---:|:---:|:---:|
| $100 | $0 | $0 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:  (1) assessment; () restitution; (3) fine principal; (4) costs of prosecution; (5) interest; (6) penalties.

Payment of the total fine and criminal monetary penalties shall be due as follows:

**The $100.00 Special Assessment has been paid in full on 10/1/2001, Receipt no. 808861**

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Any payment ordered under Part II, must comply with 18 U.S.C. § 3572, 18 U.S.C. § 3664(n), and include a provision under 18 U.S.C. § 3664(k) in which defendant must notify the court of any material changes in defendant's economic circumstances.  Upon such notice, the Court may adjust the installment payment schedule.

**Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due.  All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.

CLERK'S OFFICE USE ONLY:
I certify this to be a true copy of the record in my custody.

DENISE M. LUCKS, CLERK

By _____